**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION**

**BONITA MARTIN, BILL ROBERTS &
PAMELA GARZA, On Behalf Of Themselves
And All Others Similarly Situated**                      **PLAINTIFF**

**VS.**             **CASE NO. 4:23-cv-04030-SOH**

**HOWARD MEMORIAL HOSPITAL &
JOHN DOE INSURANCE CARRIER**               **DEFENDANT**

## <u>ANSWER</u>

Comes the defendant, Howard Memorial Hospital ("HMH"), and for its answer to the complaint of Bonita Martin ("Martin"), Bill Roberts ("Roberts"), and Pamela Garza ("Garza"), collectively referred to herein as "Plaintiffs," states:

1. HMH denies the allegations of paragraph one of the complaint as stated.

2. HMH is without sufficient information to admit or deny the allegations of paragraph two of the complaint and therefore denies the same. HMH denies that Plaintiffs have stated facts upon which relief can be granted as to any actual harm or damage.

3. In regard to the allegations of paragraph three of the complaint, HMH admits that it is a nonprofit hospital that provides in-patient and out-patient healthcare services in Howard County, Arkansas. HMH denies the remaining allegations of paragraph three as stated.

4. In regard to the allegations of paragraph four of the complaint, HMH admits that those receiving services from HMH provide Personal Identifying Information ("PII") and Personal Health Information ("PHI") to HMH. HMH denies the remaining allegations of paragraph four of the complaint as stated.

5.   In regard to the allegations of paragraph five of the complaint, HMH states that its Privacy Notice for Health Information Practices speaks for itself and HMH denies any characterization of the notice other than the words expressly stated in the notice. HMH therefore denies the remaining allegations of paragraph five of the complaint as stated.

6.   In regard to the the allegations of paragraph six of the complaint, HMH admits that it posted a notice on its website and states that the notice speaks for itself.  HMH denies any characterization of the notice other than the words expressly stated in the notice. HMH therefore denies the remaining allegations of paragraph six as stated.

7. HMH is without sufficient information to admit or deny the allegations of paragraph seven of the complaint as stated and therefore denies the same.

8. HMH is without sufficient information to admit or deny the allegations of paragraph eight of the complaint as stated and therefore denies the same.

9.   In regard to the allegations of paragraph nine of the complaint, HMH states that Plaintiffs' allegations are speculative and conjectural and HMH therefore denies the same. Further, Plaintiffs have not demonstrated, for themselves or the putative class, an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical that is fairly traceable to HMH's conduct.

10.  HMH denies the allegations of paragraph ten of the complaint.

11.  In regard to the allegations of paragraph eleven of the complaint, HMH denies that Plaintiffs have stated facts upon which relief can be granted as to any of their asserted claims and therefore denies the allegations of paragraph eleven.

12. In regard to the allegations of paragraph twelve of the complaint, HMH admits that Bonita Martin was a patient of HMH. HMH is without sufficient information to admit or deny the remaining allegations of paragraph twelve and therefore denies the same.

13. HMH is without sufficient information to admit or deny the allegations of paragraph thirteen of the complaint and therefore denies the same.

14. HMH is without sufficient information to admit or deny the allegations of paragraph fourteen of the complaint and therefore denies the same.

15. In regard to the allegations of paragraph fifteen of the complaint, HMH admits that Bill Roberts was a patient of HMH. HMH is without sufficient information to admit or deny the remaining allegations of paragraph fifteen and therefore denies the same.

16. HMH is without sufficient information to admit or deny the allegations of paragraph sixteen of the complaint and therefore denies the same.

17. HMH is without sufficient information to admit or deny the allegations of paragraph seventeen of the complaint and therefore denies the same.

18. In regard to the allegations of paragraph eighteen of the complaint, HMH admits that Pamela Garza was a patient of HMH. HMH is without sufficient information to admit or deny the remaining allegations of paragraph eighteen and therefore denies the same.

19. HMH is without sufficient information to admit or deny the allegations of paragraph nineteen of the complaint and therefore denies the same.

20. HMH is without sufficient information to admit or deny the allegations of paragraph twenty of the complaint and therefore denies the same.

21. In regard to the allegations of paragraph twenty-one of the complaint, HMH admits that it is a nonprofit hospital and states that its organizational structure and corporate governance are set forth in its articles of incorporation.

22. In regard to the allegations of paragraph twenty-two of the complaint, HMH is entitled to charitable immunity. HMH is without sufficient information to admit or deny the allegations of paragraph twenty-two of the complaint as stated and therefore denies the same.

23. In regard to the allegations of paragraph twenty-three of the complaint, HMH is entitled to charitable immunity. HMH is without sufficient information to admit or deny the allegations of paragraph twenty-three of the complaint as stated and therefore denies the same.

24. In regard to the allegations of paragraph twenty-four of the complaint, HMH admits that it is subject to personal jurisdiction in the State of Arkansas because it does business in Arkansas and operates a hospital in the state.

25.  In regard to the allegations of paragraph twenty-five of the complaint, HMH states that it does not contest venue.

26. HMH admits the allegations of paragraph twenty-six of the complaint.

27.  In regard to the allegations of paragraph twenty-seven of the complaint, admits that those receiving services from HMH provide PII and PHI to HMH.  HMH denies the remaining allegations of paragraph twenty-seven of the complaint as stated.

28. HMH is without sufficient information to admit or deny the allegations of paragraph twenty-eight and therefore deny the same.

29. HMH denies the allegations of paragraph twenty-nine of the complaint.

30. HMH is without sufficient information to admit or deny the allegations of paragraph thirty of the complaint and therefore denies the same.

31. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-one of the complaint and therefore denies the same.

32. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-two of the complaint and therefore denies the same.

33. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-three of the complaint and therefore denies the same.

34. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-four of the complaint and therefore denies the same.

35. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-five of the complaint and therefore denies the same.

36. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-six of the complaint and therefore denies the same.

37. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-seven of the complaint and therefore denies the same.

38. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-eight of the complaint and therefore denies the same.

39. HMH is without sufficient information to admit or deny the allegations of paragraph thirty-nine of the complaint and therefore denies the same.

40. HMH is without sufficient information to admit or deny the allegations of paragraph forty of the complaint and therefore denies the same.

41. HMH is without sufficient information to admit or deny the allegations of paragraph forty-one of the complaint and therefore denies the same.

42. HMH is without sufficient information to admit or deny the allegations of paragraph forty-two of the complaint and therefore denies the same.

43. HMH is without sufficient information to admit or deny the allegations of paragraph forty-three of the complaint and therefore denies the same.

44. HMH is without sufficient information to admit or deny the allegations of paragraph forty-four of the complaint and therefore denies the same.

45. HMH denies the allegations of paragraph forty-five of the complaint.

46. HMH admits the allegations of paragraph forty-six of the complaint.

47. HMH is without sufficient information to admit or deny the allegations of paragraph forty-seven of the complaint and therefore denies the same.

48. HMH is without sufficient information to admit or deny the allegations of paragraph forty-eight of the complaint and therefore denies the same.

49. HMH is without sufficient information to admit or deny the allegations of paragraph forty-nine of the complaint and therefore denies the same.

50. HMH denies the allegations of paragraph fifty of the complaint.

51. In regard to the allegations of paragraph fifty-one of the complaint, HMH admits that it posted a notice on its website on or about December 29, 2022 and states that the notice speaks for itself. HMH denies the remaining allegations of paragraph fifty-one as stated.

52. In regard to the allegations of paragraph fifty-two of the complaint, HMH states that the provisions of the Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. ¶ 1302d, et seq., speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-two of the complaint as stated.

53. In regard to the allegations of paragraph fifty-three of the complaint, HMH admits that there are provisions of HIPAA applicable to HMH and states that those provisions speak for themselves.  HMH denies that it has violated any applicable requirements of HIPAA and therefore denies the allegations of paragraph fifty-three as stated.

54. In regard to the allegations of paragraph fifty-four of the complaint, HMH states that the provisions of HIPAA, 42 C.F.R. ¶ 164.302., speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-four of the complaint as stated.

55. In regard to the allegations of paragraph fifty-five of the complaint, HMH states that the provisions of HIPAA, 42 C.F.R. ¶ 164.103, speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-five of the complaint as stated.

56. In regard to the allegations of paragraph fifty-six of the complaint, HMH states that the provisions of HIPAA, 42 C.F.R. ¶ 164.103, speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-six of the complaint as stated.

57. In regard to the allegations of paragraph fifty-seven of the complaint, HMH states that the provisions of HIPAA, 42 C.F.R. ¶ 164.102, et seq., speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-seven of the complaint as stated.

58. In regard to the allegations of paragraph fifty-eight of the complaint, HMH states that the provisions of HIPAA, 42 C.F.R. ¶ 164.400-414, speak for themselves as to any requirements

and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph fifty-eight of the complaint as stated.

59. In regard to the allegations of paragraph fifty-nine of the complaint, HMH denies that it disclosed PHI to any third party and therefore denies the allegations of paragraph fifty-nine as stated. Pleading further, HMH states that the provisions of HIPAA speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements.

60. In regard to the allegations of paragraph sixty of the complaint, HMH denies that it disclosed PHI to any third party and therefore denies the allegations of paragraph sixty as stated. Pleading further, HMH states that the provisions of the Health Insurance Portability and Accountability Act speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements.

61. HMH is without sufficient information to admit or deny the allegations of paragraph sixty-one and therefore denies the same.

62. In regard to the allegations of paragraph sixty-two of the complaint, HMH states that the provisions of the Federal Trade Commission Act ("the FTC Act"), 15 U.S.C. ¶ 45 speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph sixty-two of the complaint as stated.

63. In regard to the allegations of paragraph sixty-three of the complaint, HMH states that the provisions of the FTC Act speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph sixty-three of the complaint as stated.

64. In regard to the allegations of paragraph sixty-four of the complaint, HMH states that the provisions of the FTC Act speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph sixty-four of the complaint as stated.

65. In regard to the allegations of paragraph sixty-five of the complaint, HMH states that the provisions of the FTC Act speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph sixty-five of the complaint as stated.

66. HMH is without sufficient information to admit or deny the allegations of paragraph sixty-six of the complaint and therefore denies the same.

67. HMH is without sufficient information to admit or deny the allegations of paragraph sixty-seven of the complaint and therefore denies the same.

68. HMH denies the allegations of paragraph sixty-eight of the complaint.

69. HMH denies the allegations of paragraph sixty-nine of the complaint.

70. HMH is without sufficient information to admit or deny the allegations of paragraph seventy of the complaint and therefore denies the same.

71. HMH denies the allegations of paragraph seventy-one of the complaint.

72. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-two of the complaint and therefore denies the same.

73. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-three of the complaint and therefore denies the same.

74. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-four of the complaint and therefore denies the same.

75. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-five of the complaint and therefore denies the same.

76. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-six of the complaint and therefore denies the same.

77. HMH is without sufficient information to admit or deny the allegations of paragraph seventy-seven of the complaint and therefore denies the same.

78. HMH denies the allegations of paragraph seventy-eight of the complaint.

79. HMH denies the allegations of paragraph seventy-nine of the complaint.

80. In regard to the allegations of paragraph eighty of the complaint, HMH denies that this case can be maintained or certified as a class action pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations of paragraph eighty.

81. In regard to the allegations of paragraph eighty of the complaint, HMH denies that this case can be maintained or certified as a class action pursuant to Fed. R. Civ. P. 23 and therefore denies the allegations of paragraph eighty-one.

82. HMH is without sufficient information to admit or deny the allegations of paragraph eighty-two and therefore denies the same.

83. HMH is without sufficient information to admit or deny the allegations of paragraph eighty-three and therefore denies the same.

84. HMH denies the allegations of paragraph eighty-four of the complaint.

85. HMH denies the allegations of paragraph eighty-five of the complaint.

86. HMH denies the allegations of paragraph eighty-six of the complaint.

87. HMH denies the allegations of paragraph eighty-seven of the complaint.

88. HMH denies the allegations of paragraph eighty-eight of the complaint.

89. HMH denies the allegations of paragraph eighty-nine of the complaint.

90. HMH denies the allegations of paragraph ninety of the complaint.

91. HMH denies the allegations of paragraph ninety-one of the complaint.

92. In regard to the allegations of paragraph ninety-two of the complaint, HMH denies each and every allegation of paragraphs one through ninety-one of the complaint unless expressly admitted herein.

93. HMH denies the allegations of paragraph ninety-three of the complaint.

94. HMH denies the allegations of paragraph ninety-four of the complaint.

95. HMH denies the allegations of paragraph ninety-five of the complaint.

96. HMH denies the allegations of paragraph ninety-six of the complaint.

97. HMH denies the allegations of paragraph ninety-seven of the complaint.

98. HMH denies the allegations of paragraph ninety-eight of the complaint.

99. HMH denies the allegations of paragraph ninety-nine of the complaint.

100. HMH denies the allegations of paragraph one hundred of the complaint.

101. In regard to the allegations of paragraph one hundred one of the complaint, HMH denies each and every allegation of paragraphs one through one hundred of the complaint unless expressly admitted herein.

102. In regard to the allegations of paragraph one hundred two of the complaint, HMH states that the provisions of the FTC Act speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph one hundred two of the complaint as stated.

103. HMH denies the allegations of paragraph one hundred three of the complaint.

104. HMH denies the allegations of paragraph one hundred four of the complaint.

105. HMH denies the allegations of paragraph one hundred five of the complaint.

106. HMH is without sufficient information to admit or deny the allegations of paragraph one hundred six of the complaint and therefore denies the same.

107. In regard to the allegations of paragraph one hundred seven of the complaint, HMH states that the provisions of HIPAA speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph one hundred seven of the complaint as stated.

108. In regard to the allegations of paragraph one hundred eight of the complaint, HMH states that the provisions of HIPAA speak for themselves as to any requirements and HMH denies that it has violated any applicable requirements. Therefore, HMH denies the allegations of paragraph one hundred eight of the complaint as stated.

109. HMH denies the allegations of paragraph one hundred nine.

110. HMH is without sufficient information to admit or deny the allegations of paragraph one hundred ten of the complaint and therefore denies the same.

111. HMH denies the allegations of paragraph one hundred eleven.

112. HMH denies the allegations of paragraph one hundred twelve.

113. HMH denies the allegations of paragraph one hundred thirteen.

114. In regard to the allegations of paragraph one hundred fourteen, HMH denies each and every allegation of paragraphs one through one hundred thirteen of the complaint unless expressly admitted herein.

115. In regard to the allegations of paragraph one hundred fifteen of the complaint, HMH states that the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., speak for themselves as to

its availability.  HMH denies the applicability of the act and therefore denies the allegations of paragraph one hundred fifteen as stated.

116. HMH denies the allegations of paragraph one hundred sixteen of the complaint.

117. HMH denies the allegations of paragraph one hundred seventeen of the complaint.

118. HMH denies the allegations of paragraph one hundred eighteen of the complaint.

119. HMH denies the allegations of paragraph one hundred nineteen of the complaint.

120. HMH denies the allegations of paragraph one hundred twenty of the complaint.

121. HMH denies the allegations of paragraph one hundred twenty-one of the complaint.

122. HMH generally denies each and every allegation of the complaint unless expressly admitted herein.

123.  HMH denies that Plaintiffs or the putative class are entitled to any relief and therefore denies Plaintiffs' prayer for relief.

### First Affirmative Defense

124. Pleading affirmatively, Plaintiffs' complaint fails to demonstrate standing pursuant to U.S. Const. art. 3, § 2. *In Re: Supervalu, Inc.*, 870 F.3d 763 (8th Cir. 2017). Therefore, their complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). HMH states that Plaintiffs have not demonstrated, for themselves or the putative class, an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical that is fairly traceable to HMH's conduct. Alternatively, if the Court determines that Plaintiffs have adequately pleaded standing (*cf. Coffey v. OK Foods, Inc.*, No. 2:21-CV-02200, 2022 WL 738072, at *3 (W.D. Ark. Mar. 10, 2022), which HMH denies, HMH states that this Court also has federal question subject matter jurisdiction herein pursuant to 28 U.S.C. ¶ 1331, because, *inter alia*, ¶¶ 90, 115, and 118-121 of Plaintiffs' complaint seeks injunctive relief mandating compliance with the provisions of

federal laws and regulations such as Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164 and the Federal Trade Commission Act, 15 U.S.C. § 45. Paragraph 115 alleges the Court has authority to restrain "acts, such as here, that are tortious and violate the terms of the federal and state statutes described in this complaint." That same paragraph seeks to invoke a claim for declaratory judgment under the federal Declaratory Judgment Act, §§ 2201, et seq.  Further, "federal law permeates the allegations such that [common law] claims cannot be adjudicated without reliance on and explication of federal law." *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521-522 (8th Cir. 2020). *See, e.g.,* Complaint, ¶¶ 52-61, 62-68, 102-113.

### Second Affirmative Defense

125.  Pleading affirmatively, HMH states that Plaintiffs' complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *Inter alia*, Plaintiffs have failed to plausibly allege any factual basis that they have suffered actual damage or that any conduct of HMH proximately caused that alleged damage. In addition, despite their allegations regarding federal statutes and regulations that they allege created a duty of care or some other obligation of HMH, they have not stated a plausible claim related to failure to comply with those statutes and regulations.

### Third Affirmative Defense

126. Pleading affirmatively, HMH states that it is entitled to charitable immunity from suit and Plaintiffs' complaint should therefore be dismissed.

127.  Plaintiffs' complaint contains a number of conclusory allegations that do not contain specific plausible factual bases to support their causes of action. Therefore, HMH reserves the right to amend its answer to assert any and all applicable defenses, including, without limitation,

comparative fault, estoppel, waiver, standing, and failure to meet the requirements of class certification pursuant to Fed. R. Civ. P. 23.

WHEREFORE, the defendant, Howard Memorial Hospital, prays that the complaint of Bonita Martin, Bill Roberts and Pamela Garza be dismissed with prejudice, for its costs and fees incurred in defending this action, and for all other proper relief to which it may be entitled.

Respectfully submitted,

*/s/ William A. Waddell, Jr.*
WILLIAM A. WADDELL, JR.
ARK BAR ID NO. 84154
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
(501) 370-1510
(501) 224-5342 (fax)
waddell@fridayfirm.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I electronically filed the foregoing by using the ECF system for the Western

District of Arkansas on March 7, 2023 and that all counsel of record registered as counsel of record

will be served by the ECF system. I further certify that I have e-mailed a copy of the foregoing to

the following attorneys of record:

Randall K. Pulliam
Courtney E. Ross
519 West 7th Street
Little Rock, Arkansas 72201
rpulliam@cbplaw.com
cross@cpblaw.com

Gary F. Lynch
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
gary@lcllp.com

*/s/ William A. Waddell, Jr.*
WILLIAM A. WADDELL, JR.